UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00389-FDW

| | |
|---|---|
| RAYMOND A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| HENDRICK AUTOMOTIVE GROUP and ) | |
| HENDRICK HONDA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes before the Court upon Defendants' Motion for a Pre-Filing Injunction (Doc. No. 7), Defendants' Memorandum In Support of Its Motion for a Pre-Filing Injunction against Plaintiff (Doc. No. 8), and Defendants' Reply to Plaintiff's Motion to Strike/Dismiss (Doc. No. 16). Plaintiff responded in opposition (Doc. No. 11), submitted a Motion to Strike/Dismiss the Motion for a Pre-Filing Injunction (Doc. No. 12), and Replied to Defendants' Response to Motions for a Pre-Filing Injunction and Plaintiff's Motion to Strike/Dismiss (Doc. No. 17). These motions are ripe for ruling and for the reasons set forth below, both motions are **DENIED**.

Also, this case is before the Court on trial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, Plaintiff's complaint is **DISMISSED** in its entirety.

**I. BACKGROUND**

Plaintiff's first lawsuit against Defendants was filed in March 2010. <u>Johnson v. Hendrick Automotive Grp. and Hendrick Honda</u>, 3:10-cv-109 (W.D.N.C. 2010) ("<u>Johnson I</u>"). This Court granted summary judgment for Defendants on Plaintiff's claims and on Defendants' counterclaims

for breach of contract on May 17, 2011, and awarded Defendants $20,000 in damages for the claims. Id. However, the Court denied Defendants' motions for attorneys fees and Rule 11 monetary sanctions.[1] Id. (Doc. No. 99). The Court instead decided to strongly discourage future behavior by taking Plaintiff's litigious behavior into consideration and informed Plaintiff in open court that, "[T]he Court will not be so lenient in subsequent cases." Johnson I (Doc. No. 99, p. 14). This Court entered a final judgment for Defendants on May 17, 2011, after Defendants voluntarily withdrew their remaining claim. Johnson I (Doc. No. 103). Undeterred, Plaintiff filed several more motions and amendments.[2] On December 21, 2011, Plaintiff noticed his appeal to the Fourth Circuit. Johnson I (Doc. No. 126).

Plaintiff then filed suit against Ogletree Deakins law firm and three of its attorneys who represented Defendants in Plaintiff's first lawsuit. Johnson v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C., C. Matthew Keen, Brian M. Freedman, and Shera K. Stewart, 3:11-cv-391 (W.D.N.C. 2011) ("Johnson II"). On November 28, 2011, the Honorable Max O. Cogburn, to whom that case was assigned, adopted Magistrate Judge David Keesler's recommendation to dismiss Plaintiff's complaint. Johnson II (Doc. No. 24). Thereafter, the court entered final judgment for Defendants.

---

[1] Separate from the motions, Plaintiff was warned that he could be held in contempt during oral arguments for repeatedly evading questions from the Court and prolonging the hearing. (Transcript of Oral Argument at 30, Johnson v. Hendrick Automotive Grp. and Hendrick Honda, 3:10-cv-109 (W.D.N.C. 2010)).

[2] The filings included six motions and amendments to reconsider, one motion to recuse Judge Whitney, and one appeal to the 4th Circuit. Contained within several of these filings are vexatious and malicious remarks regarding the integrity of this Court, its officers, and Defendants. Such defamatory remarks, stated *verbatim*, include: "[T]he Judge Whitney when on over an hour of time trying to buly and hamiliating [Plaintiff] in front of the Defendant and thier attorney [sic]." (Doc. No. 106, p. 2). "Judge Frank D. Whitney action are allegely perplex hypocrisy baffled unprecented sacreligious [sic]." (Id. at p. 3). "Judge Whitney unfair and unethical behavior was very dumb found." (Doc. No. 116, p. 3). "[T]he atty for defendants gave flase statement to the court [sic]." (Doc. No. 117, p. 2). "[T]he Judge Whitney made flase statement about the rights of the EEOC [sic]." (Id.). "[I]t my opinion and assumed that atty Keen will steal the Lord Supper. If he could get his hands on the Lord Supper [sic]." (Doc. No. 122 p. 3). "[A]tty Matt Keen lied to [the Hon. Judge Mullen] about why he was voluntary dismissal of entitlement [sic]." (Doc. No. 125, p. 6). Judge David Keesler lied on [the Hon. Judge Mullen] to court [sic]. (Id. p. 7).

Johnson II (Doc. No. 25). Plaintiff moved for reconsideration, Johnson II (Doc. No. 26), which the Court granted and reaffirmed its earlier order. Johnson II (Doc. No. 29).[3] On December 21, 2011, Plaintiff noticed his appeal to the Fourth Circuit. Johnson II (Doc. No. 27).

Plaintiff filed this lawsuit on August 10, 2011, against the same Defendants of his first lawsuit. Johnson v. Hendrick Automotive Grp. and Hendrick Honda, 3:11-cv-389 (W.D.N.C. 2011) ("Johnson III"). The Johnson III complaint (Doc. No. 1) is identical to the Johnson I complaint filed on March 11, 2010. (Doc. No. 1). Plaintiff only made superficial changes to four pages of his Johnson I complaint, photocopied the remainder, and resubmitted his complaint as Johnson III. The superficial changes consist of four hand written pages. The handwriting on pages "1," "2," "10," and the "verification" allowed for Plaintiff to modify the submission date without changing the substance of the complaint.

Plaintiff also filed and received permission to proceed *in forma pauperis*. Johnson III (Doc. No. 3). The Court stayed service of the summons and Complaint pending initial review pursuant to 28 U.S.C. § 1915(e)(2). Id.

## II. ANALYSIS

Defendants request this Court to issue a pre-filing injunction against Plaintiff to prevent his continued abuse of the judicial process. Although an injunction might be permissible under applicable law, this Court has due process concerns regarding the adequacy of notice and Plaintiff's *pro se* status. Thus, Defendants' request is denied at this time. By failing to enjoin Plaintiff today,

---

[3] In Plaintiff's Objection to Magistrate Judge's Decision (Doc. No. 19) regarding an order denying Plaintiff's motion to reconsider (Doc. No. 17), Plaintiff alleged collusion between Defendants and Magistrate Judge Keesler, fraud by Judge Keesler, Defendants filed false certificates of service, and racism. Throughout the motion Plaintiff employed demeaning language towards all parties. Plaintiff then moved for Magistrate Judge Keesler's recusal alleging fraud, corruption, and abuse of the public trust. (Doc. No. 20, p. 6-7). Plaintiff repeated allegations of fraud and collusion against Magistrate Judge Keesler and Defendants seven weeks later. (Doc. No. 26).

the Court in no way condones this *pro se* litigant's conduct in these matters. The Court expressly warns Plaintiff that any future filings of frivolous documents against the named Defendants in Johnson I, Johnson II, and Johnson III or against defense counsel in those cases will result in Rule 11 sanctions and a pre-filing injunction order. Furthermore, Plaintiff's case is dismissed in its entirety as frivolous under the Court's trial review pursuant to 28 U.S.C. § 1915(e)(2).

**A. Pre-Filing Injunction**

The All Writs Act, 28 U.S.C. § 1651(a) (2000), permits a federal court to restrict repeat vexatious and malicious litigants access to the courts. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004). District courts have inherent power to control the judicial process and to redress conduct that abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted). There are no exceptions for *pro se* litigants. Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998). Limiting a *pro se* litigant's free access to the courts should be approached cautiously and restrictions imposed only if "exigent circumstances" exist, such as continuous abuse of the judicial process by filing meritless and repetitive actions. Cromer, 390 F.3d 812 at 818.

In light of the authorities stated above, the Court does not take lightly the imposition of a pre-filing injunction upon Plaintiff. In Cromer, the Fourth Circuit identified a test for determining whether to impose restrictions on a litigant's access to the Courts. Id. The Court must:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id.; Tompkins v. Mitchell, 1:10-cv-186, 2011 WL 3296179 (W.D.N.C. Aug.1, 2011).

Because of due process concerns, pre-filing injunctions must be narrowly tailored based on

the circumstances of each particular case. Cromer, 390 F.3d at 818. Additionally, the "district court must afford the litigant notice and an opportunity to be heard." Larrimore v. Williamson, 288 Fed. App'x. 62, 63 (4th Cir. 2008) (unpublished) (citing Cromer, 390 F.3d at 819). The Fourth Circuit has deemed notice sufficient where a litigant was given "proper notice of the magistrate's recommendations and ample opportunity to register his objections" before the injunction was adopted. Joyner v. Riley, No. 88-6698, 1988 WL 131841, at *1 (4th Cir. Dec. 2, 1988) (unpublished).

"Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Black v. New Jersey, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986)).

The Court finds that Plaintiff has a litigious history in this judicial District with Defendants as evident from the Johnson I, Johnson II, and Johnson III lawsuits. All three actions arose from the same core alleged conduct. Additionally, over the last four years, Plaintiff has filed four EEOC charges, a complaint with the North Carolina Department of Labor, and a complaint with the North Carolina Industrial Commission all related to allegations concerning his brief employment with Hendrick Honda. Plaintiff has noticed appeal of the Johnson I (Doc. No. 126) and Johnson II (Doc. No. 27) lawsuits to the Fourth Circuit.

As this Court previously noted, "Plaintiff's deposition revealed that he has either filed EEOC charges and/or lawsuits against six former car-dealer employers and as many as three malpractice

5

actions against attorneys who represented him in the former proceedings."[4] Johnson I (Doc. No. 99, p. 14, n. 10).

Throughout the rulings in the Johnson cases, the Court has outlined Plaintiff's history of filings in this judicial District and in at least two other states, reflecting a lack of respect for the judicial process. Thus, the Court finds Plaintiff's history of litigation would support the imposition of a pre-filing injunction.

Plaintiff's duplicative filings and repeated motions for reconsideration place a substantial burden on the Court's limited judicial resources and on Defendants who must respond.[5] Plaintiff filed nine motions for reconsideration and amended motions for reconsideration in Johnson I.[6] Moreover, many of Plaintiff's motions are not cognizable. As noted above, Plaintiff's docket entries are littered with brazen defamatory statements calling into question the integrity of the Court and are unmistakably void of any rational legal argument. Plaintiff's filings are "tiresome" and "wasteful of the Court's time" and "wasteful of the Defendants' resources." Cromer, 390 F.3d at 818. The Court finds that Plaintiff's motions lack good faith and are a burden on judicial and Defendants' resources.

---

[4]Plaintiff settled EEOC and Worker's Compensation claims against former employer Cale Yarborough. (Johnson I, Johnson Dep. 14, December 16, 2010). Plaintiff settled a Worker's Compensation claim against former employer Fowler Motors. (Id. at 15-16 and 21). Plaintiff settled two malpractice claims against his two attorneys from the Fowler Motors settlement. (Id. at 16-17). Plaintiff sued the counsel for Cale Yarborough and is currently pending appeal in South Carolina. (Id. at 18). Plaintiff settled EEOC and Worker's Compensation claims against former employer Arnold Palmer Motors (Id. at 20-22). Plaintiff filed claims against former employer Folger Automotive. (Id. at 24-26). Plaintiff settled a malpractice claim against his attorney from the Arnold Palmer and Folger Automotive claims. (Id. at 22). Plaintiff settled an EEOC claim against former employer Scott Clark. (Id. at 27-28). Plaintiff filed an EEOC claim against former employer Sam Johnson Lincoln Mercury. (Id. at 29-30).

[5]Plaintiff sought counsel at government expense less than one month after rejecting an offer from private representation. Johnson I (Doc. Nos. 28 and 32). Plaintiff has twice sought transcripts at government cost. Id. (Doc. Nos. 107 and 131).

[6]Johnson I has 131 docket entries as of February 16, 2012. Twenty-eight of these entries were subsequent to the Court's final judgment on May 17, 2011.

The warning of sanctions has not deterred Plaintiff's litigious conduct. The Court declined to impose Rule 11 sanctions on Plaintiff in Johnson I based on (1) Plaintiff's insolvency, (2) Plaintiff's *pro se* status, and (3) the fact Defendants prevailed on their counterclaim for breach of the settlement agreement and were therefore entitled to $20,000 in damages. Johnson I (Doc. No. 99, p. 14). The Court expressed its hope that the damages award would allow Plaintiff to "grasp the unfortunate impact of bringing such a baseless action" and "strongly caution[ed] Plaintiff that the Court will not be so lenient in subsequent cases." Id. Undeterred, Plaintiff filed a duplicative complaint of the Johnson I lawsuit. Johnson III (Doc. No. 1). Thus, the Court finds that alternative sanctions appear to be inadequate.

Despite the explicit warning in Johnson I (Doc. No. 99, p. 14), the Court's cautionary language to Plaintiff lacked specificity regarding a pre-filing injunction. Defendants' motion for a pre-filing injunction and Plaintiff's subsequent responses do not alleviate the Court's due process concerns over issuing a pre-filing injunction against a *pro se* litigant at this time under these facts. Thus, the Court finds the lack of a specific reference to a pre-filing injunction in the Court's previous warnings to Plaintiff would not appropriately support the notice requirement for the imposition of a pre-filing injunction at this time.

**B. Initial Review**

When a plaintiff has filed *in forma pauperis* ("IFP"), "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A district court has broad discretion to police *in forma pauperis* filings to prevent abuse of the statute. See Nagy v. FMC Butner, 376 F.3d 252, 255, 257 (4th Cir. 2004); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that 28 U.S.C. § 1915(e) applies to all IFP filings, not just

7

those filed by prisoners). Indeed, "to provide free access to the courts without overwhelming the efficient administration of justice with meritless cases, the system relies primarily on the judgment of the district courts to permit suits that are arguably meritorious and to exclude suits that have no arguable basis in law or fact." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995). Under the statute, "the court shall dismiss the case *at any time* if the court determines that the action or appeal is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (emphasis added).

"In evaluating a case under § 1915, a court may look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance." Bullock v. Beasley & Allen, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009). To survive dismissal under Rule 12(b)(6), Plaintiff's Complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Here, Plaintiff fails to carry his burden under Rule 12(b)(6) because he cannot demonstrate that his current allegations are not barred by the doctrine of *res judicata*. The doctrine of claim preclusion is implicated here because of the photocopied nature of Plaintiff's current Johnson III complaint. Claim preclusion, or *res judicata*, "bars a party from relitigating a claim that was decided or could have been decided in an original suit." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161 (4th Cir. 2008). Plaintiff has articulated claims in his current action *verbatim* to the Johnson I complaint.

As the Court has noted, Plaintiff's complaint in Johnson I asserts the exact claims against the exact Defendants of the Johnson III complaint. Acting upon a motion for summary judgment

8

by Defendants in Plaintiff's Johnson I case, this Court granted summary judgment for Defendants on all of Plaintiff's claims. (Doc. No. 99). Obstinate, again acting *pro se*, Plaintiff merely made superficial changes to four pages of his Johnson I complaint (Doc. No. 1), photocopied the remainder, and resubmitted his complaint as Johnson III (Doc. No. 1). It is difficult to fathom Plaintiff's reasonable belief in the copied complaint's likelihood of success or its presentation for any proper purpose. Thus, the Court finds that Plaintiff's Johnson III complaint has not been submitted in good faith because it is barred by res judicata. Accordingly, pursuant to this Court's authority under 28 U.S.C. § 1915 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Complaint is dismissed.

### III. CONCLUSION

In sum, this case is dismissed because it has no arguable basis in law or fact and, indeed, is frivolous. Plaintiff's latest Complaint is nothing more than Plaintiff's attempt to relitigate claims already ajudicated on the merits by the Court. Plaintiff's repetitive, vexatious, and duplicative filings have demonstrated a lack of respect for the judicial process and caused all participants to expend considerable resources. The Court will not entertain frivolous filings. By failing to enjoin Plaintiff today, the Court in no way condones this *pro se* litigant's conduct in these matters. Therefore, based upon aforementioned considerations **the Court expressly warns Plaintiff that any future filings of frivolous documents in this Court against any of the named Defendants in Johnson I, Johnson II, and Johnson III, or against defense counsel in those cases will result in Rule 11 sanctions and the issuing of a pre-filing injunction order. Such sanctions or injunction could issue *sua sponte*, that is without motion from Defendants.**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Pre-Filing Injunction (Doc. No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike/Dismiss (Doc. No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall refrain from issuing process for Defendants because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action because it is dismissed as frivolous under 28 U.S.C. § 1915(e)(2). Therefore, Plaintiff's Motion for Service of Process (Doc. No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (Doc. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is instructed to send a copy of this Order to Plaintiff's address of record and directed to close the case.

**IT IS FURTHER ORDERED that Plaintiff is <u>WARNED that further filing of frivolous documents in this Court against any of the named Defendants in Johnson I, Johnson II, and Johnson III, or against defense counsel in those cases will result in Rule 11 sanctions and the issuing of a pre-filing injunction order. Such sanctions or injunction could issue *sua sponte*, that is without motion from Defendants.</u>**

**IT IS FURTHER ORDERED** that the Clerk of this Court is instructed to spread a copy of this Order in any case in which Plaintiff Raymond A. Johnson appears, including, but not limited to, 3:10-cv-109 and 3:11-cv-391.

**IT IS SO ORDERED**.

Signed: February 16, 2012

Frank D. Whitney
United States District Judge